## *In re* CONVERSE, Petitioner.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.

No. 1283.   Argued and submitted December 18, 1890. — Decided January 5, 1891.

It is no defence to an indictment under one statute that a defendant might also be punished under another statute.

A State cannot be deemed guilty of a violation of its obligations under the Constitution of the United States because of a decision, even if erroneous, of its highest court while acting within its jurisdiction.

When a person accused of crime within a State is subjected, like all other persons in the State, to the law in its regular course of administration in courts of justice, the judgment so arrived at cannot be held to be such an unrestrained and arbitrary exercise of power as to be utterly void.

The Fourteenth Amendment to the Constitution was not designed to interfere with the power of a State to protect the lives, liberty and property of its citizens, nor with the exercise of that power in the adjudications of the courts of the State in administering the process provided by its laws.

In convicting the petitioner of embezzlement under section 9151 of Howell's Annotated Statutes of Michigan, upon his confessing that he had been guilty of embezzlement as attorney-at-law, instead of under section 9152, the Supreme Court of Michigan did not exceed its jurisdiction, or deliver a judgment which abridged his privileges or immunities, or deprived him of the law of the land of his domicil.

THIS was a petition for a writ of *habeas corpus* upon the ground that the petitioner is "deprived of his liberty without

due process of law, contrary to the provisions of the Fourteenth Amendment to the Constitution of the United States." It appears from the record annexed to the petition that petitioner was arraigned in the Circuit Court for the county of Calhoun in the State of Michigan, upon an information in the words and figures following, to wit: "Herbert E. Winsor, prosecuting attorney for the county of Calhoun aforesaid, for and in behalf of the people of the State of Michigan, comes into said court, in the December term thereof, A.D. 1887, and gives here to understand and be informed that Eugene M. Converse, late of the city of Battle Creek, in the county of Calhoun and State of Michigan, heretofore, to wit, on the twenty-eighth day of July, in the year one thousand eight hundred and eighty-five, at the city of Battle Creek, in said county of Calhoun and State of Michigan, being then and there agent to John E. Dunning and Daniel W. Hall, the executors of the last will and testament of Rice Hall, deceased, and being then and there the agent of them, the said John E. Dunning and Daniel W. Hall, executors of the last will and testament of Rice Hall, deceased, and not being then and there an apprentice nor other person under the age of sixteen years, did, by virtue of his said employment, then and there and whilst he was such agent as aforesaid, receive and take into his possession certain moneys to a large amount, to wit, to the amount of four thousand dollars, of the value of four thousand dollars, of the property of the said John E. Dunning and Daniel W. Hall, as such executors, and which said money came to the possession of the said Eugene M. Converse by virtue of said employment, and the said money then and there fraudulently and feloniously did embezzle and convert to his own use without the consent of the said John E. Dunning and Daniel W. Hall, as such executors as aforesaid, his said employers, and that so the said Eugene M. Converse did then and there, in manner and form aforesaid, the said money, the property of the said John E. Dunning and Daniel W. Hall, as executors as aforesaid, his said employers, from the said John E. Dunning and Daniel W. Hall, as such executors as aforesaid, feloniously did steal, take, and carry away,

contrary to the form of the statute in such case made and provided and against the peace and dignity of the people of the State of Michigan;" and thereupon filed the following "memorandum of plea : " "As an attorney-at-law I am guilty of embezzlement of thirty-five hundred, $3500.00, dollars, that being the amount collected and received by me less my reasonable fees, as such attorney, for collecting the money;" which plea was entered by the circuit judge thus : "Eugene M. Converse, the respondent in this cause, having been duly arraigned at the bar in open court and the information being read to him by Herbert E. Winsor, prosecuting attorney, pleaded thereto 'guilty of embezzlement of money to the amount of three thousand five hundred dollars.'"

On the 12th of December, 1887, judgment was entered in these words :

"Eugene M. Converse, the respondent in this cause, having been, upon his plea of guilty, duly convicted of the crime of embezzlement, as appears by the record thereof, and the. said court having examined into the facts of the case, and having also privately examined the respondent concerning the circumstances which induced him to plead guilty, and having therefrom ascertained that said plea was made freely, with full knowledge of the nature of the accusation and without undue influence, and the respondent thereafter having been, on motion of the prosecuting attorney, brought to the bar of the court for sentence, and having then and there been asked by the court if he had anything to say why judgment should not be pronounced against him, and alleging no reason to the contrary : therefore it is ordered and adjudged by the said court, now here, that said Eugene M. Converse be confined in the State prison at Jackson, Michigan, at hard labor, for the period of five years from and including this day."

Petitioner was thereupon committed to the State prison in accordance with the terms of said judgment.

September 11, 1888, this order was entered by the Calhoun Circuit Court :

"In this cause a motion to amend the respondent's plea by inserting the following words, 'As an attorney-at-law I am

guilty of embezzlement of thirty-five hundred, $3500.00, dollars, that being the amount collected and received by me, less my reasonable fees as such attorney for collecting the money,' having been duly entered, and after reading and filing affidavits, and after hearing John C. Patterson, of counsel for respondent, in favor of said motion, it is ordered by the court, now here, that said motion be, and the same is hereby, denied."

Application having been made to the Supreme Court of Michigan in that behalf, the following order was entered by the Calhoun Circuit Court on the 3d of December, 1888:

"Pursuant to an order of the Supreme Court made on the ninth day of October, eighteen hundred and eighty-eight, and on motion of John C. Patterson, attorney for the defendant for the purpose of this motion, it is ordered that the entry of the arraignment and plea of the said defendant in said cause, entered on the fifth day of December, in the year one thousand eight hundred and eighty-seven, upon journal number twelve of this court, at page 568, be, and the same is hereby, corrected now as of the date last named, so as to read as follows, to wit:

"Eugene M. Converse, the respondent in this cause, having been duly arraigned at the bar in open court and the information having been read to him by Herbert E. Winsor, prosecuting attorney, pleads thereto in the following words, to wit: 'As an attorney-at-law I am guilty of embezzlement of thirty-five hundred dollars, that being the amount collected and received by me, less my reasonable fees as such attorney for collecting the money.'"

The case was then taken to the Supreme Court of Michigan by writ of error, the following errors being assigned: "First. The court erred in rendering the judgment in said cause upon the plea of the defendant pleaded therein. Second. There is no sufficient plea in said cause to form a legal basis for the judgment rendered thereon. Third. The judgment is for a felony and the plea is for a misdemeanor only, and the judgment is broader than the plea, and the penalty imposed is unauthorized by the plea and statute. Fourth. The judgment

against the defendant is for embezzlement in the capacity of agent, and the defendant never pleaded guilty of such crime and he has never been convicted of such crime by a jury. Fifth. The information does not allege the money converted was the property of any private person or partnership within the statute, but avers it to be the property of the executors of an estate;" and upon due consideration the judgment was affirmed by that court. The opinion of the court was delivered by Sherwood, C. J., Champlin, Morse and Long, JJ., concurring, and Campbell, J., dissenting, and will be found reported in *People* v. *Converse*, 74 Michigan, 478.

The petition for the writ of *habeas corpus* alleged among other things, that the information charged an offence under section 9151 of Howell's Annotated Statutes of Michigan, and that the petitioner has never pleaded guilty to that offence in manner and form as charged, but that he had pleaded guilty of an offence or misdemeanor under section 9152 of said statute, and that the Calhoun Circuit Court had no authority or constitutional right to render the judgment against the petitioner, which was rendered.

The sections referred to are as follows :

"Section 9151. If any officer, agent, clerk, or servant of any incorporated company, or of any city, township, incorporated town or village, school district or other public or municipal corporation, or if any clerk, agent or servant of any private persons, or of a copartnership, except apprentices and other persons under the age of sixteen years, shall embezzle or fraudulently dispose of or convert to his own use, or shall take or secrete with intent to embezzle and convert to his own use without consent of his employer or master, any money or other property of another, which shall have come to his possession, or shall be under his charge by virtue of such office or employment, he shall be deemed, by so doing, to have committed the crime of larceny.

"Section 9152. If any attorney-at-law, solicitor in chancery, or other person holding himself out to the public to perform the services usually performed by attorneys or solicitors, in the management of causes, and the collection of judgments,

decrees or other demands, or any register in chancery, clerk of any court of·record, sheriff, constable, justice of the peace, or any other officer, shall collect or receive in such capacity any money belonging to another, and shall neglect or refuse to pay the same to the person entitled thereto within a reasonable time after demand thereof, the person so neglecting or refusing, shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be punished by imprisonment in the county jail not more than one year, or by fine not exceeding four times the amount of money so received, or both, at the ·discretion of the court." 2 Howell's Annotated Stats. Michigan, p. 2220.

The petition further set forth —

" That due process of law in the State of Michigan is provided for and prescribed by the constitution and statutes of said State in part by the following sections, to wit : ' In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury, which may consist of less than twelve men in all courts not of record ; to be informed of the nature of the accusation ; to be confronted with the witnesses against him ; to have compulsory process for obtaining witnesses in his favor, and have the assistance of counsel for his defence.' Constitution of Michigan, Article VI, Section 28.

" ' No person shall be compelled, in any criminal case, to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law.' Constitution of Michigan, Article VI, Section 32.

" ' No person indicted for an offence, shall be convicted thereof, unless by confession of his guilt in open court, or by admitting the truth of the charge against him, by his plea or demurrer, or by the verdict of a jury, accepted and recorded by the court.' 2 Howell's Annotated Stats. Michigan, p. 2205, Sec. 9069.

" ' No person who is charged with any offence against the law, shall be punished for such offence, unless he shall have been duly and legally convicted thereof, in a court having competent jurisdiction of the cause and of the person.' 2 Howell's Annotated Stats. Michigan, p. 2205, Sec. 9071.

" ' When any person shall be arraigned upon an indictment, it shall not be necessary, in any case, to ask him how he will. be tried; but if, on being so arraigned, he shall refuse to plead or answer, or shall not confess the indictment to be true, the court shall order a plea of not guilty to be entered, and thereupon the proceedings shall be the same as if he had pleaded not guilty to the indictment.' 2 Howell's Annotated Stats. Michigan, p. 2293, Sec. 9518."

The application for the writ was heard by Judge Brown, holding the Circuit Court of the United States for the Eastern District of Michigan, and denied, (his opinion being reported 42 Fed. Rep. 217,) whereupon the cause was brought to this court by appeal.

*Mr. John C. Patterson* for petitioner, appellant.

*Mr. B. W. Huston,* Attorney General of the State of Michigan, opposing, submitted on his brief.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

The Supreme Court of Michigan held that the information charged the respondent with the crime of embezzlement; that the defendant was called upon to plead to this charge when arraigned; that he pleaded guilty of embezzlement, and undoubtedly understood when he made his plea that he was pleading guilty to the felony charged; that this conclusion was fortified by the private examination required by statute to be made by the judge before sentencing upon a plea of guilty, which was shown to have been had in this case; that the fact that the respondent collected the money as an attorney was immaterial; that if the act contained all the elements of embezzlement, he was guilty of the crime and was properly convicted; that an attorney when he collects money for his client acts as the agent of his client as well as his attorney, and if, after making the collection, he appropriates the money to his own use with the intention of depriving the owner of the same, he is guilty of the crime of embezzlement; that the

conviction was warranted by the plea; and that the judgment should therefore be affirmed. As remarked by Judge Brown, it is no defence to an indictment under one statute that a defendant might also be punished under another. And as the highest judicial tribunal of the State of Michigan ruled that the word "agent" in section 9151 of the statutes of that State applied to attorneys-at-law, and as the information charged the defendant with embezzlement under that section, and he pleaded guilty to embezzlement as an attorney-at-law, the affirmance of the conviction necessarily followed. In the view of the statute taken by the court, the plea admitted the truth of the charge.

It is not our province to inquire whether the conclusion reached and announced by the Supreme Court was or was not correct, for we are not passing upon its judgment as a court of error, nor can we consider the contention that the decision was not in harmony with the state constitution and laws.

The single question is whether appellant is held in custody in violation of the Fourteenth Amendment to the Constitution of the United States, in that the State thereby deprives him of liberty without due process of law; for there is no pretence of an abridgment of his privileges and immunities as a citizen of the United States, nor of a denial of the equal protection of the laws. But the State cannot be deemed guilty of a violation of its obligations under the Constitution of the United States because of a decision, even if erroneous, of its highest court, while acting within its jurisdiction. And, conceding that an unconstitutional conviction and punishment under a valid law would be as violative of a person's constitutional rights as a conviction and punishment under an unconstitutional law, we fail to perceive that this conviction and judgment are repugnant to the constitutional provision. Appellant has been subjected, as all persons within the State of Michigan are, to the law in its regular course of administration through courts of justice, and it is impossible to hold that a judgment so arrived at is such an unrestrained and arbitrary exercise of power as to be utterly void.

We repeat, as has been so often said before, that the Four-

teenth Amendment undoubtedly forbids any arbitrary depri-
vation of life, liberty or property, and in the administration of
criminal justice requires that no different or higher punishment
shall be imposed on one than is imposed on all for like offences,
but it was not designed to interfere with the power of the
State to protect the lives, liberty and property of its citizens;
nor with the exercise of that power in the adjudications of the
courts of a State in administering the process provided by the
law of the State. The Supreme Court of Michigan did not
exceed its jurisdiction or deliver a judgment abridging appel-
lant's privileges or immunities or depriving him of the law of
the land of his domicil. *Arrowsmith* v. *Harmoning*, 118 U. S.
194; *Baldwin* v. *Kansas*, 129 U. S. 52; *In re Kemmler*, 136
U. S. 436.

*Judgment affirmed.*