# IN THE MATTER OF THE APPLICATION OF C. L. MAXWELL FOR A WRIT OF HABEAS CORPUS.

$\frac{19}{22}$ $\frac{495}{157}$

U. S. CONSTITUTION, SIXTH AMENDMENT — TO WHAT APPLICABLE. FOURTEENTH AMENDMENT — TO WHAT APPLICABLE. CRIMINAL PROCEDURE — INFORMATION INSTEAD OF INDICTMENT — PROSECUTION BY WAY OF — NO ABRIDGMENT OF PRIVILEGES UNDER FOURTEENTH AMENDMENT — SEC. 13, ART. 1, AND SEC. 21, ART. 8, CONST. UTAH, VALID. SEC. 10, ART. 1, CONST. UTAH — SEC. 1295, R. S. 1898, VALID — CONVICTION UNDER — DUE PROCESS OF LAW — LEGAL JURY FOR TRIAL OF FELONY.[1]

1. *U. S. Constitution, Sixth Amendment — To What Applicable.*

   The prohibitory provision of the sixth amendment to the Constitution of the United States applies exclusively to the United States, and not to the respective States.

2. *Fourteenth Amendment — To What Applicable.*

   The fourteenth amendment to the Constitution of the United States does not limit the power of State governments in the prosecution of criminals, to any particular mode of procedure in the selection of its jurors, or manner of conducting its trials; but does require that such trials shall be conducted in due course according to the prescribed forms and judicial procedure of the State for the protection of the individual rights and liberties of its citizens.

3. *Criminal Procedure — Information Instead of Indictment — Prosecution by Way of — No Abridgment of Privileges under Fourteenth Amendment — Sec. 13, Art. 1, and Sec. 21, Art. 8, Const. Utah, Valid.*

   The prosecution and conviction of a person charged with crime, by way of information duly filed by a county attorney, in accordance with the provisions of the statute, and under Sec. 13, Art. 1 and Sec. 21, Art. 8, of the State constitution, does not abridge the privileges or immunities of such person, as a citizen of the United States under the fourteenth amendment.

[1] See *In re* Mc Kee, 19 Utah, 231.

4. *Sec. 10, Art. 1, Const. Utah., Sec. 1295, R. S. 1898, Valid — Conviction Under — Due Process of Law.*

Sec. 10, Art. 1. of the constitution of Utah, is not in conflict with the federal Constitution or the amendments thereto, and a conviction under Sec. 1295, R. S. 1898, is legal, and in due process of law, and not in violation of the fourteenth amendment to the Constitution of the United States.

5. *Legal Jury for Trial of Felony.*

Under Sec. 10, Art. 1, Const., and Sec. 1295, Rev. Stat., 1898, a jury for the trial of one accused of a felony committed since the State was admitted into the Union, may lawfully consist of eight jurors.

(Decided June 1, 1899.)

Original application in this court for a writ of habeas corpus. Applicant was convicted on the 19th of September, 1898, on an information charging robbery, by a jury of eight persons and sentenced to the penitentiary. Petitioner claims that such conviction and imprisonment was illegal upon three grounds. First, that his privileges and immunities as a citizen of the United States under Sec. 1, Art. 14 of amendments to the Constitution of the United States have been abridged. Second, that his trial and conviction by a jury of eight instead of twelve was contrary to the provisions of Art. 6 of the amendments to the Constitution of the United States, and that a verdict by a jury of eight persons and the judgment of imprisonment thereon has deprived him of his liberty without due process of law within the meaning of Sec. 1, Art. 14 of the amendments to the Constitution of the United States. *Writ denied.*

*J. W. N. Whitecotton, Esq.*, for petitioner.

*Hon. A. C. Bishop*, Attorney-General, for the State.

Miner, J.

The plaintiff in his petition alleges that he is a citizen of the United States ; that on the 27th day of June, 1898, in the fourth judicial district court, in Utah County, Utah, the county attorney of said county made and filed in such county an information in writing, charging the petitioner, under the name of John Carter, with the crime of robbery ; that thereafter the petitioner was duly arraigned on such information, and a plea of not guilty entered.

That thereafter, on the 19th day of September, 1898, said petitioner was placed on trial on the charge contained in said information before the court and eight jurors, and found guilty of said charge, and duly sentenced to the State prison at Salt Lake City, Utah, for the period of eighteen years ; that the petitioner is now confined in the State prison and imprisoned there by Geo. N. Dow, the warden of said prison, and is serving such sentence.

The petitioner claims that such conviction and imprisonment is illegal for the reason,

1st. That holding him to answer for a charge of felony, otherwise than upon a presentment or indictment of a grand jury, abridges his privileges and immunities as a citizen of the United States, contrary to Section 1, of Art. 14, of the amendments to the Constitution of the United States.

2d. That in trying him before a jury of only eight persons instead of twelve, and upon a verdict of guilty by such a jury, pronouncing judgment against him, requiring that he be imprisoned in the State prison for a period of eighteen years, abridges his privileges as a citizen of the United States, contrary to the provisions of

19 Utah—32.

Article 6 of the amendments to the Constitution of the United States.

3d. That by reason of the verdict of guilty by a jury of eight persons, and the judgment of imprisonment thereon, he has been deprived of his liberty without due process of law, within the meaning of Section 1, of Article 14 of the amendments to the Constitution of the United States.

In the case of *ex parte* Mc Kee, decided at the January term of this court, 57 Pac. Rep.,—— 19 Utah, 231, the same questions were raised as are embraced in the second and third grounds contained in the complaint in this case. In that case, after a careful examination of the Constitution and statutory provisions of the law, and many decisions bearing thereon, we held, in substance, that the prohibitory provision of the fifth and sixth amendments to the Constitution of the United States applies exclusively to the United States, and not to the respective States.

2d. That the fourteenth amendment to the Constitution of the United States does not limit the power of State governments in the prosecution of criminals, to any particular mode of procedure in the selection of its jurors or manner of conducting its trials, but does require that such trials shall be conducted in due course of law, according to the prescribed forms and judicial procedure of the State for the protection of the individual rights and liberties of its citizens.

3d. That Sec. 10, Art. 1, of the constitution of Utah is not in conflict with the Federal Constitution, or the amendments thereto, and a conviction under Sec. 1295, Rev. Stat., is legal and in due process of law, and not in violation of the fourteenth amendment to the Constitution of the United States.

- 4th. That under Sec. 10, Art. 1, Const., Utah, and Sec. 1295, Rev. Stat. 1898, a jury for the trial of one accused of grand larceny committed since the State was admitted into the Union, may lawfully consist of eight jurors.

Upon an examination of this case we discover no good reason for modifying our opinion in the above case. The decision therein is correct, and is also decisive of the questions embraced in the petitioner's contention above referred to.

It is also contended that the petitioner was held to answer a charge of felony otherwise than upon a presentment or indictment of a grand jury, and that he was held, convicted, and imprisoned upon an information filed by the county attorney charging him with a felony; that such acts were illegal and abridge his privileges and immunities as a citizen of the United States, under Sec. 1, Art. 14, of the amendments to the Constitution of the United States, which provides that "all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

It is contended that the provision that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States," applies and extends to citizens of each State and to State courts.

Sec. 13, Art. 1, of the constitution of Utah, provides: "Offenses heretofore required to be prosecuted by indictment, shall be prosecuted by information after examination and commitment by a magistrate, unless the examination be waived by the accused with the consent of the

State, or by indictment, with or without such examination and commitment. The grand jury shall consist of seven persons, five of whom must concur to find an indictment; but no grand jury shall be drawn or summoned unless, in the opinion of the judge of the district, public interest demands it."

Sec. 21, Art. 8, Const. Utah, reads as follows: "Judges of the supreme court, district courts, and justices of the peace, shall be conservators of the peace, and may hold preliminary examinations in cases of felony."

In *Walker* v. *Sauvinet*, 92 U. S., 90, it was said, upon a discussion of this same question, in an action which was brought by a colored man against the keeper of a coffee house in New Orleans for refusing him refreshments in violation of the constitution of the State securing to the colored race equal rights and privileges in such cases, that a trial by jury was not a privilege or immunity of citizenship which the States were forbidden to abridge, but the requirement of due process of law was met if the trial was had according to the settled course of judicial proceedings. "Due process of law," said Chief Justice Waite, "is process due according to the law of the land. This process in the States is regulated by the law of the State." This law was held not to be in conflict with the Constitution of the United States.

In *Hurtado* v. *California*, 110 U. S., 516, it was held that due process of law did not necessarily require an indictment by a grand jury in a prosecution by a State for murder. The constitution of California authorized prosecutions for felonies by information, after examination and commitment by a magistrate, without an indictment by a grand jury, in the discretion of the Legislature. It was held that conviction upon such 'an information,

followed by sentence, was not illegal under the fourteenth amendment.

In *Hallinger* v. *Davis*, 146 U. S., 314, it was held in substance, that a statute of a State conferring upon an accused person the right to waive a trial by jury, and to elect to be tried by a court, and conferring power upon the court to try the accused in such case, was not a violation of the due process of law clause of the fourteenth amendment.

So, in *In re* Kemmler, 136 U. S., 436, it was held that the law providing for capital punishment by electricity was not repugnant to this amendment.

In *Duncan* v. *Missouri*, 152 U. S., 377, it was said that the prescribing of different modes of procedure and the abolition of courts, and the creation of new ones, leaving untouched all the substantial protections with which the existing law surrounds persons accused of crime, are not considered within the constitutional inhibition.

The case of *Hurtado* v. *California*, was again referred to, and affirmed in the case of *Holden* v. *Vermont*, 168, U. S., 262. After holding that it was not necessary that an indictment by a grand jury be found in a prosecution by a State for murder, the court said: "It is further claimed that the conviction of the plaintiff, and his sentence to infamous punishment, was without due process of law, because he was not indicted by a grand jury. Discussion of this contention is unnecessary, because it was the very matter considered in *Hurtado* v. *California*, 110 U. S., 516, where it was ruled that the words 'due process of law' in the fourteenth amendment of the Constitution of the United States do not necessarily require an indictment by a grand jury in a prosecution by a State for murder. The views expressed in that case have been

approved and followed in a number of subsequent cases."
*Barbier* v. *Connolly*, 113 U. S., 27; *In re* Kemmler, 136
U. S., 436; *Ex parte* Converse, 137 U. S., 624; *Hallinger* v. *Davis*, 146 U. S., 314.

In *ex parte* Converse, 137 U. S., 624, the court said :

" This amendment was not designed to interfere with
the power of the State to protect the lives, liberty, and
property of its citizens ; nor with the exercise of that
power in the adjudications of the courts of a State in
administering the process provided by the law of the
State."

In *ex parte* Mc Kee, *supra,* this court, among other
things, said :

"The fourteenth amendment was not designed to
confine the States to a particular mode of procedure
in judicial proceedings. It does not mean, nor has it the
effect, to limit the power of State governments in the
prosecution of criminals to any particular mode of pro-
cedure, in the selection of its jurors or manner of conduct-
ing its trials, but did require that such trials shall be con-
ducted in the due course of the administration of justice,
according to the prescribed forms and judicial procedure
of the State for the protection of the individual rights and
liberties of its citizens. That which the common law
tolerated might be regarded as due process of law, but
methods and procedure which were unknown to the common
law, can not be discarded if they are consistent with the
cardinal principles and groundwork which are necessary
to the administration of justice in the several States. As
said in *Hurtado* v. *California, supra,* ' It follows that any
legal proceeding enforced by public authority, whether
sanctioned by age and custom, or newly devised in the dis-
cretion of the legislative power, in furtherance of the gen-
eral public good, which requires and preserves these

principles of liberty and justice, must be held to be due process of law.   *Holden* v. *Hardy*, 169 U. S., 366.

The decisions from the federal courts upon the question involved render it unnecessary to pursue the investigation further.   It is clear from the authorities referred to that the petitioner was deprived of no constitutional right by being held to answer to a charge of felony otherwise than upon presentment or indictment of a grand jury.

In passing upon the validity of the acts of this State under Sec. 1 of Article 14 of the amendments, and in examining authorities controlling such action, it will be seen that law is progressive.   The method and mode of procedure in many States have changed in order to keep pace with the constantly changing future and necessities of the period.   Many of the methods of procedure in force when the Constitution was adopted are found to be no longer necessary.   Many restrictions placed upon the citizen at an early date were found to be injurious to the interests of the people as years rolled by, and many were found to be in need of greater and additional protection under the laws.   In several States grand juries have been abolished, and prosecution by information has been substituted in its place.   The system of twelve jurors in criminal cases, not capital, and in civil cases, has been discarded in many States, and a less number provided, with the right in civil cases to a two-thirds majority verdict.   And these changes have been sustained by decisions of courts of the highest authority.   As was said in *Hurtado* v. *California, supra,* "The Constitution was made for an undefined and expanding future, and for a people gathered, and to be gathered, from many nations and many tongues."

While the cardinal principles of justice are unchange-

able, the methods by which trials are conducted are undergoing constant, and in many instances necessary, changes to satisfy the pressing needs of the people, and the Constitution should not be so construed as to deprive a State of the power to so modify or change its laws as to make them conform to the wishes and necessities of its people and of the public welfare, but without bringing them in violation of the fundamental law.

As a trial under State laws under an information filed by State authority, in the absence of a presentment of a grand jury, in the case of *Hurtado* v. *California*, was held to be by due process of law, it is difficult to see why the same proceedings and trial, under the laws of this State, should abridge the privileges or immunities of the petitioner, or deprive him of his liberty without due process of law.

The trial and conviction of the petitioner, under the constitution and laws of this State, upon an information duly filed against him by the county attorney, did not take from or abridge his privileges or immunities as a citizen of the United States, nor were the provisions of the fourteenth amendment violated by his trial and conviction in the manner as provided by the laws of the State of Utah.

The writ of habeas corpus prayed for in the petition is denied.

BARTCH, C. J. and BASKIN, J., concur.