## THE STATE OF UTAH, RESPONDENT *v.* THOMAS IMLAY, APPELLANT.

INFORMATION —PROSECUTION BY — TRIAL BY JURY OF EIGHT— IN OFFENSES LESS THAN MURDER—LEGAL IN UTAH. PROSECUTION FOR ASSAULT WITH INTENT TO RAPE—DECLARATIONS OF PROSECUTRIX—WHEN PART OF RES GESTÆ—RULE SAME AS IN PROSECUTIONS FOR RAPE.

*Information—Prosecution by—Trial by Jury of Eight—In Offenses Less than Murder—Legal in Utah.*

    Prosecution by information instead of by indictment and trial of a felony, less than murder, by a jury of eight men, if otherwise properly conducted is legal under the constitution and laws of this State.[1]

*Prosecution for Assault with Intent to Rape—Declarations of Prosecutrix—When Part of the Res Gestæ—Rule Same as in Prosecutions for Rape.*

    The rule, that in a case of rape, the declarations of the injured female, made immediately or soon after the injury was inflicted, are competent testimony as part of the *res gestæ*, not to prove the commission of the offense, but in corroboration of the evidence of the prosecutrix applies with equal force to a prosecution for assault with intent to rape.[2]

( Decided June 1, 1900.)

Appeal from the Sixth District Court Garfield County. Hon. W. M. McCarty, *Judge.*

Defendant was prosecuted for and convicted of the crime of assault with intent to commit rape, and from

---

[1] *In re McKee*, 19 Utah, 231; *In re Maxwell*, 19 Utah, 495; *Maxwell* v. *Dow*, 20 U. S. Sup. Ct. Rep. 448.

[2] Compare *State* v. *Halford*, 18 Utah, 3; *State* v. *Neel*, 21 Utah, 151; 60 Pac. 510.

the judgment entered on the conviction has appealed to this court. *Affirmed.*

*W. F. Knox, Esq.*, for appellant.

*Hon. A. C. Bishop*, Attorney Gen'l, for the State.

BARTCH, C. J.

The defendant was prosecuted for and convicted of the crime of assault with intent to commit rape. Upon being sentenced to imprisonment in the state prison for a term of eighteen months, he appealed to this court, and has assigned numerous errors, alleged to have been committed during the trial of the cause. The accused was charged with having perpetrated the offense on the 1st day of July, 1899, upon the person of Kate Judd, a girl fifteen years of age. From the proof, however, it appears that the crime was committed on the 8th of June, 1899.

The appellant in the first instance challenges the legality of the trial on the ground that the state proceeded against him by information instead of by indictment, and tried him before a jury of only eight men. That such a trial, in a case of this class, if otherwise properly conducted, is legal, is no longer an open question in this state. *In re* KcKee, 57 Pac. Rep. 23; *In re* Maxwell, 57 Pac. Rep. 412; *Maxwell* v. *Dow*, 20 U. S. Sup. Ct. Rep. 448.

At the trial the prosecutrix, during her examination in chief, testified that after the assault had been committed she started home, and that she met one Taylor Norton and told him that the defendant had thrown her down. Taylor Norton, called as a witness, also testified that the prosecutrix told him the defendant "had her down." Counsel for the appellant insists that the court erred in admitting this testimony, but, under the circumstances disclosed, the objection to its admission is not well taken.

It appears in evidence that the complaint and statement respecting the assault were made to the witness Norton only about two and a half minutes after the perpetration of the offense; that while the assault was being committed the prosecutrix saw Norton approaching and told her assailant that she would tell him of it; that thereupon the perpetrator desisted, jumped on his horse and rode off; and that his intended victim arose crying, started for home, and, meeting Norton, made the disclosure to him. Under such circumstances, the complaint having been made almost at the very time and place of the commission of the outrage, not only evidence of the complaint but also of the particulars thereof, was admissible, because the disclosure was a part of the *res gestœ*. Such evidence is generally received for the purpose of corroborating the evidence of the prosecutrix, but not as substantive testimony, to prove the commission of the offense. It must be conceded that there is some diversity of opinion upon the general subject, of the admissibility of such evidence, but, when the complaint and the particulars thereof can be fairly considered part of the *res gestœ*, the rule seems to be well settled that they are admissible.

This court in *State* v. *Neel*, 21 Utah 151; 60 Pac. Rep. 510, after stating the rule, that in a prosecution for rape the prosecutrix, upon her examination in chief, may testify to the fact that she made complaint of the outrage recently after its perpetration, and may state to whom, when, and where such complaint was made, but not the particulars thereof, said: "Where the complaint is so recent and of such a character as to be a part of *res gestœ*, the particulars or details thereof are also admissible."

In *People* v. *Gage*, 62 Mich. 271, Mr. Justice Champlin, speaking for the court, said: "Some courts hold that the evidence that complaint was made is not received

merely as corroborative of the statement of the prose-
cutrix, but as a part of the *res gestœ*, where they are
made immediately after the outrage complained of, and
this is the holding of our own court.  If the complaint
made immediately after the occurrence constitutes part of
the *res gestœ*, it would seem that not only the fact that
complaint was made, but the complaint made, should be
admitted.  Besides, the reason upon which the rule of
exclusion is based, namely, the difficulty of disproving
the accusation, no longer exists in this state, where the
accused is permitted to testify in his own behalf.  We
think in this case there was no error in admitting the tes-
timony of the mother of the child."

So in *Phillips* v. *The State*, 9 Humph. 246, Green,
Justice, delivering the opinion of the court, said: " All of
the authorities concur that where the injured party is
examined as a witness, her complaint of the injury in
general terms, if made recently after the commission of
the offense, is admissible, and may be proved by the per-
sons to whom such complaint was made as confirmatory
of her credibility.  But it would seem, according to some
authorities, that her statement, of the circumstances or
particulars of the complaint, should be excluded from the
jury, while others lay it down that such evidence is
admissible.  We think the latter is the correct rule, both
upon principle and weight of authority.  And upon a
careful examination, it will perhaps be found that the con-
flict af authority is apparent rather than real."

So in *Johnson* v. *The State*, 17 Ohio, 593, Mr. Justice
Hitchcock, said: "There can be no doubt, that in a case
of rape, the declarations of the injured female, made im-
mediately or soon after the injury inflicted, are competent
testimony, provided the female herself has first been
examined; competent not for the purpose of proving the

commission of the offense, but as corroborative, or contradictory to, her statements made in court." 1 McClain Cr. Law, Sec. 455; 2 Starkie on Ev. (6th Am. ed.) pp. 699, 700; 3 Rice on Ev. Sec. 524; 1 Greenl. Ev. Sec. 102 and note (d); 1 Whart. Cr. Law, Sec. 566–7; *People* v. *Brown*, 53 Mich. 531; *Phillips* v. *State*, 9 Humph. 246; *Laughlin* v. *State*, 18 Ohio, 99; *McMath* v. *State*, 55 Ga. 303; *State* v. *Shettleworth*, 18 Minn. 191; *People* v. *Flynn*, 96 Mich. 276; *Johnson* v. *State*, 17 Ohio, 593; *State* v. *DeWolf*, 8 Conn. 93; *State* v. *Kinney*, 44 Conn. 153; *State* v. *Halford*, 18 Utah, 3; *State* v. *Byrne*, 47 Conn. 465; *People* v. *Glover*, 71 Mich. 303.

We perceive no sound reason why a different rule should be applied where the offense is assault with intent to commit rape. The indignity to the female and the violation of her feelings exist as a result of either offense. So either offense is an outrage upon humanity, and is shocking to the community, although the injury to the victim and the degree of atrocity is greater where the nefarious design of the perpetrator is consummated, than where its full consummation is frustrated. Neither the severity of the injury nor the degree of atrocity, however, affects the application of the rules of evidence, as to such offenses. Whether, therefore, the charge be that of rape, or of assault with intent to commit rape, the same rules, respecting the admission of such evidence, apply.

In *People* v. *Barney*, 114 Cal. 554, where the charge was an attempt to commit rape, the Supreme Court of California, said: "In cases of this kind the prosecution is always permitted to prove that the injured party made complaint of the injury while it was recent."

The Supreme Court of Oregon, in *State* v. *Sargent*, 32 Ore. 110, held, as appears from the syllabus, that, "in proof of an assault with intent to rape, the mother of

the prosecutrix may testify as to her manner and appearance, and the condition of her person, shortly after the alleged assault, and to the fact that she made a disclosure." 3 Rice on Evidence, Sec. 524; *Thompson* v. *The State*, 38 Ind. 39; *Pefferling* v. *The State*, 41 Texas 487; *Reddick* v. *State*, 34 S. W. R. 274; *Territory* v. *Maldonado*, 53 Pac. Rep. 350; *Stephen* v. *The State*, 11 Ga. 225; *State* v. *DeWolf*, 8 Conn. 93.

For similar reasons and upon similar grounds, the witnesses, Sarah Lewis and Hannah Judd, were properly permitted to testify that the prosecutrix made complaint to them recently after the commission of the assault.

The testimony relating to the age of the prosecuting witness was also properly admitted. Nor did the court err in admitting evidence of the conversation between the witness Richard Judd and the defendant relative to the charge against the latter.

The appellant also complains of certain instructions of the court to the jury, but, upon examining and considering the whole charge, we find no reversible error therein. Nor do we find any error, prejudicial to the rights of the appellant, in the record.

The judgment is affirmed.

MINER, J. and BASKIN, J. concur.