## THE PEOPLE *v.* RUIZ.

### APPEAL from the District Court of Mayagüez.

#### No. 436.—Decided June 24, 1912.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—RESISTANCE OF VICTIM OF ASSAULT.—In a case of assault with intent to commit rape the victim may be questioned as to what she did to prevent being raped, for the resistance which she offered, revealing her will, is an important element in establishing the crime.

ID.—EVIDENCE—STATEMENTS OF VICTIM—RES GESTAE.—In cases like the present the statements of the victim made immediately or shortly after the crime are admissible as a part of the *res gestae,* not to prove the commission of the crime, but to corroborate the testimony of the victim.

ID.—EVIDENCE—CLOTHING OF VICTIM AS EVIDENCE.—The condition of the clothing of the victim and the signs of the acts of violence committed upon her are good evidence in cases such as the one at bar although such evidence may be oral, because it refers to facts perceptible to the senses.

The facts are stated in the opinion.

*Mr. José J. Aponte* for appellant.

*Mr. Charles E. Foote, Fiscal,* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The present case originated in the District Court for the Judicial District of Guayama by virtue of an information filed against Florencio Ruiz for the crime of assault with intent to commit rape, committed in the following manner:

"The defendant, Florencio Ruiz, on May 17, 1911, in *barrio* Jauca of the municipality of Santa Isabel, within the Judicial District of Guayama, then and there voluntarily, criminally, and violently assaulted Felícita Santiago, who was neither then nor there his wife,

and by means of force and violence and against her will and without her consent criminally attempted to have sexual intercourse with her."

The case was tried by a jury and a verdict of guilty of the crime of assault with intent to commit rape was found against the defendant, who, being guilty of said crime, was sentenced by the court on October 19 of the year last past to five years' imprisonment at hard labor and costs, deduction to be made of the time he was in jail awaiting trial. From this sentence Ruiz took an appeal.

The corresponding transcript of the record containing a statement of the case with the objections made by the defense to the evidence introduced at the trial by the *fiscal* has been filed in this court. No oral or written allegations have been made by the appellant to maintain the appeal.

Let us see what are the exceptions taken by the defense to the evidence introduced and let us consider each one of them.

First. While testifying in regard to the matter, Felícita Santiago was asked by the *fiscal: "And what made the defendant stop? For what reason did the defendant arise from the place and leave you?"* The attorney for the defense objected to the question on the ground that that which it was desired to prove at the trial was the assault with intent to commit rape, and that it was impertinent to ascertain what Felícita did to prevent the defendant from accomplishing his purpose. The court admitted the question; the defendant took exception; and the witness replied: *"I said to him, 'Let me go,' and he said, 'I am going to let you go, but do not say that it was I;' that he released her because he saw Nicanor Guzmán, who was filling some water cans, approaching."*

Unquestionably, that which it was desired to prove at the trial was the assault with intent to commit rape; but this could not prevent the witness from being questioned as to what she did to prevent the rape from being accomplished,

because the resistance she offered, revealing her will, was an important element in establishing the crime.

The ground on which the defense based the exception was, at all events, untenable; and if it were understood that the question in itself was impertinent because the object thereof was to obtain the opinion of the witness, although we might disregard this ground because it was not alleged, we believe that the court committed an error in violation of section 19 of the Law of Evidence in allowing the question, but as from that error no prejudice has resulted to the defendant, the sentence appealed from is not void. The jury, in view of the facts stated by the witness, would have arrived at the same conclusion or inference as she did.

Second. The witness, Nicanor Guzmán, while testifying, stated, among other things: "That at the place where he was he heard a scream and proceeded to ascertain what had occurred, and that he met Felícita Santiago, who was crying, a few paces therefrom." The *fiscal* immediately asked said witness: *"And what else happened?"* to which he replied that Felícita said: "Oh, Nicanor of my heart!"

The attorney for the defense objected to the relation of the statement the prosecutrix made to Guzmán as being contrary to law. The judge overruled the objection and counsel took exception. The witness continued to testify that Felícita said: *"Oh, Nicanor of my heart, a man tried to rape me!"* That she was crying and that the witness asked her: *"What is the matter with you?"* Her reply was: *"A man tried to rape me. I know him by sight, but do not know his name."* Then the witness said to her: *"Where is that man?"* and she replied: *"There he goes; that one,"* and that he saw Florencio Ruiz, the defendant, running. Then the *fiscal* questioned the witness as follows: *"Did you observe the clothing, the state in which Felícita Santiago was in?"* The witness replied that he had, and the attorney for the defense objected to the question on the same ground as he had objected to the preceding question—that is, that it was

contrary to law. The judge allowed the question, the attorney for the defense took exception, and the witness continued to testify that Felícita Santiago was in a dirty condition and had a scratch on her face.

The statements of Felícita Santiago, testified by Guzmán, were made to the latter, as will be seen, immediately after the occurrence of the event, and therefore are admissible as part of the *res gestae*.

The legal doctrine that the rule that controls in a case of rape that the statements of the prosecutrix made immediately or shortly after the offense are good evidence as part of the *res gestae,* not to establish the perpetration of the offense but to corroborate the testimony of the prosecutrix, is applicable with equal force in a case of assault with intent to commit rape. *State* v. *Imlay* (Utah), 61 Pac., 557; *People* v. *Gage,* 62 Mich., 271, 273; *Lights* v. *The State,* 21 Tex. App., 308; *Sautell* v. *The State,* 34 Tex. Cr. App., 260, 262; *People* v. *Barney,* 114 Cal., 554; *People* v. *Stewart,* 97 Cal., 238, 241.

The condition of the clothes of the prosecutrix and the marks shown by her of the force used upon her constitute good evidence in cases like the present one, although the same be oral, because it refers to facts perceptible to the senses.

The evidence introduced was pertinent, proper, adequate, and under no consideration contrary to law, as was alleged without specifying the law claimed to have been violated. *People* v. *Figueroa,* 134 Cal., 161; *Grimmett* v. *The State,* 22 Tex. Cr. App., 36; *Lights* v. *The State,* 21 Tex. App., 308; *State* v. *Sargent* (Ore.), 49 Pac., 889.

Third. The defendant also objected to the following question of the *fiscal* to the witness, Manuel R. Vázquez: *"What peculiarities did the body of that girl present?"* To this question counsel for the defense objected on the ground that the witness testified from hearsay and that the statement of the prosecutrix, in a case of assault with intent to commit rape, would not be good evidence. Said objection was overruled and the defense took exception. The witness testified

that the state in which he found the girl *"was that her cloth-ing was in an absolutely dirty condition."* The defense then alleged that the witness should first be asked if he saw the prosecutrix; if she met him, and where. The court judged this unnecessary and the defense again took exception, after which the witness continued to testify *"that the clothing of the woman was in an absolutely dirty condition and that her back was dirty."*

The aforesaid witness did not testify from hearsay and was not questioned as to any statement that might have been made to him by the prosecutrix. We do not see the necessity for the *fiscal* to question the witness as to whether he saw the woman, as, considering the statement made by him, he un-doubtedly saw her either by her meeting the witness or the latter meeting her, it being unimportant to know the place where he saw her; but if the defendant desired to know those particulars he could have exercised the right of cross-examin-ing the witness.

Fourth. The defendant desired to have all of the testi-mony of the witness, Teresa Torres, stricken from the record, as it was hearsay. This was refused by the court, exception to such refusal having been taken.

The testimony of Teresa Torres was:

"That she is the mother of Felícita Santiago; that on May 17, 1911, they were at the plantation Destino, but that she now lives in Aibonito; that when the event occurred she was roasting coffee; that her daughter reached the kitchen while she was roasting coffee; that her daughter arrived bathed in tears, and that she asked her: 'Fela, what has happened to you?' to which she replied, 'That Florencio Ruiz tried to rape me,' upon which I said: 'Go to the room where your father is until we see what shall be done'; that her daughter's clothes were covered with mud; that her face and mouth were scratched; that the dirt on the dress was at the back, and that it was of a dark color; that she has no direct knowledge as to whether the defendant assaulted the young woman."

The transcribed testimony of Teresa Torres is admissible for the reasons we have already stated above in passing upon the exceptions taken to the testimony of witnesses, Nicanor Guzmán and Manuel R. Vázquez.

Finally, counsel for the accused moved the court to quash the accusation and dismiss the proceedings on the strength of section 161 of the Code of Criminal Procedure, namely, because he believed that the facts alleged in the accusation do not constitute a public crime of assault with intent to commit rape.

The information is sufficient, as it contains in concise and current language a statement of the acts constituting the crime and is drawn up in such form that any person of ordinary intelligence can understand it.

The defendant is charged with having assaulted Felícita Santiago with the intention of having sexual intercourse with her. This is sufficient notice for the defendant to prepare his defense and for the court to pronounce sentence upon conviction in accordance with law.

The charge to the jury contained in the record is not authenticated since it is not signed by the judge, and, therefore, this court abstains from the examination thereof.

We have made a careful study of all the evidence and find that the sentence appealed from is sustained thereby. The punishment falls within the limits of from 1 to 14 years' imprisonment, specified by section 222 of the Penal Code as punishment for the crime perpetrated.

The sentence should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.