## STATE v. LEWIS KEENEY.[1]

September 22, 1922.

No. 23,067.

**When defendant may be prosecuted by information filed by county attorney.**
    1. A person charged with a criminal offense who has had a preliminary examination before a magistrate, or has waived such examination, and has been bound over to the district court, may be prosecuted for the offense for which he was bound over upon an information filed against him by the county attorney, unless the punishment for such offense may exceed ten years' imprisonment in the state's prison.

**Such method of prosecution is due process of law.**
    2. A prosecution based upon such an information is due process of law and does not violate either state or Federal Constitution.

Proceedings were instituted by the county attorney of Martin county in that defendant was arrested on a warrant issued by a justice of the peace, charging him with having on December 10, 1921, wilfully, unlawfully and wrongfully sold 1/5 of a pint of intoxicating liquor, commonly called moonshine whiskey, to Carlos Olos to be used as a beverage. Defendant was arraigned, waived examination and was bound over by the justice to the next term of the district court. On April 24 the county attorney filed an in-

[1]Reported in 189 N. W. 1023.

formation charging defendant with the offense above mentioned, and when defendant was arraigned thereon he moved to dismiss the information on the ground that the court had no jurisdiction to try and determine a cause of this character, otherwise than on indictment by a grand jury. After hearing argument, the court, Nelson, J. denied the motion, but deeming the questions raised by defendant to be important and doubtful, certified the case to the supreme court. Remanded.

*Frank E. Dougherty,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *Paul C. Cooper,* County Attorney, and *C. F. Gaarenstroom,* for respondent.

TAYLOR, C.

On April 19, 1922, the defendant was arrested and brought before a justice of the peace of Martin county on the charge that he had unlawfully sold intoxicating liquor. He waived a preliminary examination and was bound over to the district court. Thereafter the county attorney filed an information, charging him with the offense for which he was bound over, and he was duly arraigned thereon. He refused to plead to the information and the court caused a plea of not guilty to be entered for him.

At the time of the arraignment, he filed a motion in writing to set aside the information on the ground that, having made no application to enter a plea of guilty to the charge, the county attorney was without authority to file an information against him, and that he could not be lawfully prosecuted or tried upon an information. The court denied the motion, but, at the request of the defendant, certified the question to this court.

The question presented is whether a defendant who has been bound over to the district court by an examining magistrate, charged with an offense not cognizable by a justice of the peace and the punishment for which does not exceed ten years imprisonment in the state's prison, but who has made no application to plead guilty or to have an information filed against him, may be prosecuted and

tried upon an information filed by the county attorney, or only upon an indictment returned by a grand jury.

The Constitution originally provided:

"No person shall be held to answer for a criminal offence unless on the presentment or indictment of a grand jury, except in cases of impeachment or in cases cognizable by Justices of the Peace, or arising in the army or navy, or in the militia when in actual service in time of war or public danger, and no person for the same offense shall be put twice in jeopardy of punishment, nor shall be compelled in any criminal case to be witness against himself, nor be deprived of life, liberty, or property, without due process of law." Const. art. 1, § 7, as originally adopted.

In 1904, this provision of the Constitution was amended to read as follows:

"No person shall be held to answer for a criminal offence without due process of law, and no person for the same offense shall be put twice in jeopardy of punishment, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law."

This amendment eliminated from the Constitution the provision that, except in certain specified cases, "no person shall be held to answer for a criminal offence unless on the presentment or indictment of a grand jury," and substituted in lieu thereof the provision that "no person shall be held to answer for a criminal offense without due process of law."

It is settled beyond question that, in the absence of a constitutional provision prescribing a different procedure, a person charged with a criminal offense may be prosecuted and tried upon an information instead of an indictment where the statutes so provide, and that a prosecution so instituted is due process of law and violates none of the constitutional rights of the accused. Hurtado v. California, 110 U. S. 516, 4 Sup. Ct. 111, 28 L. ed. 232; McNulty v. California, 149 U. S. 645, 13 Sup. Ct. 959, 37 L. ed. 882; Hodgson v. Vermont, 168 U. S. 262, 18 Sup. Ct. 80, 42 L. ed. 461; Bolln v.

Nebraska, 176 U. S. 83, 20 Sup. Ct. 287, 44 L. ed. 382; Maxwell v. Dow, 176 U. S. 581, 20 Sup. Ct. 448, 494, 44 L. ed. 597; Lem Woon v. Oregon, 229 U. S. 586, 33 Sup. Ct. 783, 57 L. ed. 1340; Rowan v. State, 30 Wis. 129; State v. Stimpson, 78 Vt. 124, 62 Atl. 14, L. R. A. (N. S.) 1153, 6 Ann. Cas. 639; Kalloch v. Superior Court, 56 Cal. 229; Bolln v. State, 51 Neb. 581, 71 N. W. 444; State v. Guglielmo, 46 Ore. 250, 79 Pac. 577, 80 Pac. 103, 69 L. R. A. 466, 7 Ann. Cas. 976; In re Dolph, 17 Colo. 35, 28 Pac. 470; State v. Boswell, 104 Ind. 541, 4 N. E. 675; State v. Rudolph, 187 Mo. 67, 85 S. W. 584; State v. Imlay, 22 Utah, 156, 61 Pac. 557; State v. Humason, 5 Wash. 499, 32 Pac. 111; State v. Brett, 16 Mont. 360, 40 Pac. 873; In re Wright, 3 Wyo. 478, 27 Pac. 565, 13 L. R. A. 748, 31 Am. St. 94; State v. Barnett, 3 Kan. 250, 87 Am. Dec. 471.

The defendant does not contend to the contrary, but contends that the legislature has not authorized a proceeding by information except where the defendant makes a written request to plead guilty to the charge against him.

After the Constitution had been amended the legislature enacted chapter 231, p. 341, of the Laws of 1905. Section 1 of that act, being section 9159, G. S. 1913, provides:

"The district courts of this state shall possess and may exercise the same power and jurisdiction to hear, try and determine prosecutions upon informations for the crimes, misdemeanors and offenses, specified in section four of this act and to issue writs and process and do all other acts therein as they possess and may exercise in cases of like prosecutions upon indictment."

This section confers upon the courts the same power to hear, try and determine prosecutions based upon informations, "for the crimes, misdemeanors and offenses specified in section four," which they possess to hear, try and determine like prosecutions based upon indictments. Prosecutions based upon informations are restricted to prosecutions for the crimes, misdemeanors and offenses specified in section 4. This is the only limitation upon the power granted.

Section 2 of the act, being section 9160, G. S. 1913, provides:

"All the provisions of law relating to indictments and for testing the validity thereof, shall apply to informations, and all provisions of law applying to prosecutions upon indictments, to writs and process thereon, and to the issuing and service thereof; to motions, pleadings, trials and punishments, or to the passing or execution of any sentence thereon, and to all other proceedings in cases of indictment, whether in the court of original or appellate jurisdiction, shall to the same extent and in the same manner, as near as may be, apply to informations and all prosecutions and proceedings thereon."

These provisions clearly contemplate and intend that the accused may be tried upon an information in the same manner as upon an indictment, and carefully preserve to him all the substantial rights secured to him by other provisions of the law. The provisions of this section, or at least the most of them, would be superfluous and nugatory if the legislature merely intended to afford the accused an opportunity to enter a plea of guilty to the charge against him under the circumstances and in the manner specified in section 4, which section will be considered presently.

Section 3 of the act, being section 9161, G. S. 1913, provides that no information shall be filed against any person until he shall have had a preliminary examination before a magistrate, unless he shall waive his right to such preliminary examination.

Section 4 of the act as amended, being section 9162, G. S. 1913, provides:

"That in all cases where a person charged with a criminal offense shall have been held to the district court for trial by any court or magistrate, and in all cases where any person shall have been committed for trial and is in actual confinement or in jail by virtue of an indictment or information pending against him, the court having trial jurisdiction of such offense or of such indictment or information or proceedings shall have the power at any time, whether in term or vacation, upon the application of the prisoner in writing, stating that he desires to plead guilty to the charge made against him by the complaint, indictment or information, or to a lesser degree of the same offense to direct the county attorney to

file an information against him for such offense, if any indictment or information had not been filed, and upon the filing of such information and of such application, the court may receive and record a plea of guilty to offense charged in such indictment or information, or to a lesser degree of the same offense and cause judgment to be entered thereon and pass sentence on such person pleading guilty, and such proceedings may be had either in term time or in vacation, at such place within the judicial district where the crime was committed as may be designated by the court.

"This section shall not apply to cases where the punishment for the offense to which the prisoner desires to plead guilty may exceed ten years imprisonment in the state's prison."

This section, instead of indicating an intention to limit the proceedings under the act to cases in which the accused should make an application for an opportunity to enter a plea of guilty, shows clearly that no such limitation was intended. It provides that the accused, if in confinement "by virtue of an indictment or information pending against him," may make the prescribed application, thereby recognizing that an information might be pending against him prior to any action on his part. The accused may apply to enter a plea of guilty "to the charge made against him by the complaint, indictment or information." An information would not be included in this provision if the statute intended that it should be filed only at the instance of the accused. That it was not the purpose of this section to restrict the power to file informations previously given is made clear by the provision that the county attorney is to be required to file an information in proceedings under this section only in those cases in which an "indictment or information had not been filed."

A reading of the statute shows that its provisions cannot be given the restricted operation contended for by the defendant. It confers full power to prosecute a person charged with any criminal offense specified in section 4 upon an information. But, by the express provisions of section 1, the power conferred by that section applies only to prosecutions for the crimes, misdemeanors and offenses specified in section 4. The field within which the power given is

to operate is the field specified and defined by section 4. Section 4 does not enumerate in detail the criminal offenses which come within its provisions, but specifies them in general terms only. The first part of the section is broad enough to include within it all cases in which a person is charged with any criminal offense whatever, but a subsequent proviso excepts from its operation all cases where the punishment for the offense charged may exceed ten years imprisonment in the state's prison. So that, taking section 4 as a whole, it specifies as within its provisions all criminal offenses except those for which the punishment may exceed ten years imprisonment in the state's prison. As it contains no other or different specification of criminal offenses, the offenses so specified are the ones to which the provisions of section 1 must apply.

The trial court correctly determined the questions certified to this court, and the cause is remanded for further proceedings.