TENNESSEE CENT. RY. CO. *v.* PHARR *et al.*

(*Nashville,* December Term, 1945.)

Opinion filed May 13, 1946.

659

ARMISTEAD, WALLER, DAVIS & LANSDEN, of Nashville, for plaintiff in error.

JORDAN STOKES, III, of Nashville, for Fletcher-Wilson Co., defendant in error.

LEON JOUROLMON, JR., of Nashville, for Railroad and Public Utilities Commission, defendant in error.

MR. JUSTICE NEIL delivered the opinion of the Court.

This suit had its beginning before the Railroad and Public Utilities Commission of the State, wherein John D. Fletcher and Felix Z. Wilson, citizens of Davidson

County, Tennessee, filed a petition alleging that for a number of years the industrial progress of Nashville had suffered as the result of high and discriminatory freight rates on coal. The petition recited in detail the rates of freight on coal from Monterey, Tennessee, and Wilder, Tennessee, of Lebanon, Old Hickory, and Nashville, and alleged an unfair discrimination against the City of Nashville. The prayer of the petition was that the commission reduce the rate from Monterey to Nashville from $1.45 per ton to $1 per ton.

The Tennessee Central Railway filed an answer to the petition denying that the industrial progress of Nashville had been stifled by high coal rates. It admitted that the coal rate from Monterey to Nashville was $1.45 per ton and alleged that Monterey was 109 miles from Nashville and that the rate from Wilder, Tennessee, 130 miles from Nashville, was also $1.45 per ton. The answer denied any discrimination and alleged that the mines of Monterey and Wilder are located in what is known as the same group and that all mines in the same group had the same rate to Nashville. It is unnecessary to set forth in detail the numerous defenses made to the petition for reasons which will later appear in this opinion. The Tennessee Central and a number of intervenors moved the commission to dismiss the petition, but the same was overruled.

It appears from the record that there was a full hearing by the commission upon evidence offered by petitioners and defendants, following which an order was entered reducing the rate from both Wilder and Monterey, Tennessee, to Nashville. Thereupon the Tennessee Central Railway Company filed a petition in the Second Circuit Court of Davidson County for *certiorari* and *supersedeas*, making the Railroad & Public Utilities Commission, John D. Fletcher, and Felix Z. Wilson parties defendant.

The writs were granted and the Public Utilities Commission filed its answer, including a transcript of all the evidence offered at the hearing. Following the filing of this petition in the circuit court the railway company was given leave to amend the same so as to allege that the commission in reducing the rate from Wilder to Nashville, Tennessee, "deprived the petitioner of its property without due process of law, in violation of Article I, Section 8, of the Constitution of Tennessee, and the Fourteenth Amendment to the Constitution of the United States." The answer specifically alleged that the conclusions and findings of the commission were based upon the evidence.

The circuit judge dismissed the petition and granted an appeal to this Court, rather than to the Court of Appeals based upon the contention that the case involved a constitutional question. We are now asked to transfer the case to the Court of Appeals because that court has jurisdiction of the case. Section 10618 of the Code provides: "The jurisdiction of the court of appeals shall be appellate only and shall extend to all civil cases except those involving constitutional questions, . . . " The section further provides that the Supreme Court has jurisdiction of all cases "determined in the lower court on demurrer or other method *not involving a review or determination of the facts,* or in which all the facts have been stipulated." (Italics ours.)

The appellant railway company does not contend that it had a right of direct appeal to this Court under Code Section 9015, which gives the right of appeal to the Supreme Court in *certiorari* cases originating before boards and commissions, for the reason that it was suspended by Section 10618, as held by us in *Woodroof* v. *City of Nashville,* 183 Tenn. 483, 192 S. W. (2d) 1013, 1015. The

only question before us is whether or not we have jurisdiction under the exception found in Section 10618 above referred to. In other words, does the appeal involve a constitutional question within the meaning of this section which relates solely to the matter of jurisdiction of the Court of Appeals and the Supreme Court?

The amendment to the petition for writs of *certiorari* and *supersedeas,* under which it is claimed the constitutional question is raised, is that the Railway and Public Utilities Commission ''in passing upon the rate from Wilder to Nashville, violated Article I, Section 8, of the Constitution of Tennessee, and the Fourteenth Amendment of the Constitution of the United States in that peitioner was deprived of its property without due process of law.''

It is the conclusion reached by the Commission, after a hearing on the evidence, that is made the basis of petitioner's complaint that its property is taken without due process of law. We think the exception relied on as conferring jurisdiction upon the Supreme Court refers to rights dependent upon the constitutionality of statutes and ordinances, or the denial of privileges expressly guaranteed by the Constitution. The constitutional question made on this appeal must be substantial and not incidental to the cause of action.

Now it is contended in the instant case that there is no evidence upon which the commission could enter a valid order and it is solely upon this theory that petitioner says that it is being deprived of its property without due process. What the record must show and without dispute in order to give the Supreme Court jurisdiction is that it has been denied due process such as that petitioner was not given its ''day in court,'' or that its property was taken without a ''reasonable notice and reason-

able opportunity to be heard according to the regular and established rules of practice and procedure." *State* v. *Public Service Commission of Missouri*, 330 Mo. 729, 51 S. W. (2d) 73, 76; *Board of Levee Com'rs* v. *Johnson*, 178 Ky. 287, 199 S. W. 8, 12, L. R. A. 1918E, 202. If the mere insistence in the instant case that there is no evidence upon which the commission could base a legal and just conclusion is sufficient to raise the constitutional question, that is, the taking of property without due process, the effect would be to deprive the court of appeals of its jurisdiction in all cases where the defendant assigns as error that there is no evidence to support the verdict. Such an error does not raise a substantial question of the violation of a constitutional right. But able counsel for petitioner, in response to the foregoing, says, "the insistence must be made in good faith." This cannot be determinative of the question. When the constitutional question is made, it must appear from the record that the complaining party has been denied due process and that property has been taken from him as the direct result of a denial of such process.

The two cases above cited from Kentucky and Missouri illustrate in a general way what is meant by "due process of law." In 16 C. J. S., Constitutional Law, sec. 567, pp. 1143, 1144, it is said:

"In judicial proceedings due process of law means a course of proceeding according to those rules and principles which have been established for the protection and enforcement of private rights.

"Whenever difficulty may be experienced in giving to the term 'due process of law' a definition which will embrace every permissible exertion of power affecting private rights, and exclude such as is forbidden, it has been said that there can be no doubt of its meaning when

applied to judicial proceedings, and as so applied due process of law has been variously held to mean a law which hears before it condemns, which proceeds on inquiry, and renders judgment only after trial; law in its regular course of administration through courts of justice, in accordance with the fundamental principles of free government; . . . ''

It cannot be doubted but that the Railroad and Public Utilities Commission had jurisdiction of the parties and the cause of action. It did not act capriciously or arbitrarily in entering the judgment complained of. The same is true of the circuit court to which the case was taken by petition for *ceritorari* and from whose judgment an appeal was prayed.

While the requirements of due process of law extend to every case of the exercise of governmental power, a mere error of judgment by the trial court or appellate court as to the admissibility or the probative value of the evidence does not furnish a basis for the claim that there has been a violation of a constitutional right. It certainly does not constitute a denial of due process of law. In 6 R. C. L., sec. 441, p. 445, it is said:

''Errors in administering a state statute, which do not involve jurisdiction of the subject or of the parties, can be corrected only in the state courts, and furnish no basis for the claim that there has been a denial of the due process of law guaranteed by the federal constitution. So far as this guaranty is concerned the extent to which a decision is erroneous, or the fact that it is contrary to previous decisions, is immaterial, for where the parties have been fully heard in the regular course of judicial proceedings, an erroneous decision does not deprive the unsuccessful party of his property without due process of law.''

See also *Meyer* v. *Richmond*, 172 U. S. 82, 19 S. Ct. 106, 43 L. Ed. 374, in· which it was held that consequential damage arising from obstruction of a street is not taking property without due process. An erroneous decision upon a matter within the jurisdiction of the court is not a denial of due process. *Ex parte Converse*, 137 U. S. 624, 11 S. Ct. 191, 34 L. Ed. 796.

We are pleased to concede that counsel for appellant appealed in good faith to this Court under the belief that a constitutional question was involved, but we are constrained to hold that the case is not within the exceptions provided for in Code Section 10618, and that the court of appeals has jurisdiction of this case.

The motion is sustained and an order of transfer will be entered accordingly.