## THE STATE vs. CHARLES S. LATTIN.

The defendant was convicted of the crime of carnally knowing and abusing a female child under the age of ten years, (Rev. Stat., tit. 6, § 17,) upon the uncorroborated testimony, as to the principal fact, of the child herself, who was nine years of age. Held, on a motion of the defendant for a new trial for a verdict against evidence, that it was not necessary, to warrant the conviction, that the testimony of the child should have been confirmed by an examination of her person at the time, or by medical testimony.

INFORMATION, charging the defendant with " carnally knowing and abusing a female child under the age of ten years," under the 17th section of Rev. Stat., tit. 6.

The defendant was convicted upon the testimony of the child, who was nine years of age. Her testimony was corroborated in some particulars of minor importance, but was uncorroborated as to the fact of the carnal knowledge by any other witness, or by any examination at the time of her person, or by medical testimony at the trial, and the defendant moved for a new trial on the ground that the verdict was against the evidence.

*Graves,* with whom was *H. M. Dutton,* in support of the motion, contended that, to authorize a conviction in such a case, it was indispensable that the testimony of the principal witness, as to the actual perpetration of the crime, where not corroborated by the testimony of others, should be confirmed by an examination of her person and by medical or other equivalent testimony; and that while this was held necessary by the authorities in ordinary cases of rape, it was much more necessary here, since the child would necessarily have a very imperfect comprehension of the matter : citing *King* v. *Cox,* 5 Car. & P., 328 ; *King* v. *Gammon,* id., 339 ; 1 Russell on Crimes, 694, 5 ; Beck's Med. Jur., 232, 237, 242.

*Sedgwick,* state attorney, and *Wheaton,* contra.

The court refused to grant a new trial.