## STATE *vs.* JOHN KINNEY.

Upon an indictment for rape the testimony of the woman upon whom the offence was committed may be confirmed by evidence that she had told the same story out of court; and this evidence is not limited to the mere fact of her having made such a statement, but may extend to the particulars of it.

INDICTMENT for rape; brought to the Superior Court in Fairfield County, and tried to the jury, on the plea of not guilty, before *Beardsley, J.*

Upon the trial of the case, after the person upon whom the alleged rape was committed had been sworn as a witness, and testified to the principal facts in the case, and after the counsel for the prisoner had cross-examined her and asked her many questions relative to the principal facts charged in the indictment, some of which tended to discredit her evidence, but before any attempt on his part to discredit her testimony otherwise than by such cross-examination, the Attorney for the State offered Richard W. Preece and George S. Pratt as witnesses to prove that she had previously, and soon after the assault charged upon her, told them the same story she had now testified to in court, with the particulars of the alleged crime as related to them by her. To the admission of this testimony the prisoner objected, but the judge admitted it.

The jury rendered a verdict of guilty, and the defendant moved for a new trial for error in this ruling of the court.

VOL. XLIV.—20

*G. H. Hollister* and *D. B. Lockwood,* in support of the motion.

The evidence objected to is open to all the objections that apply to hearsay testimony. Roscoe Crim. Ev., 25, 26, 880; 1 Taylor on Ev., §§ 508, 519; 3 Greenl. Ev., § 213; 1 Phill. Ev., 193; *Rex* v. *Clarke*, 2 Stark., 241; *Regina* v. *Megson*, 9 Car. & P., 420; *Regina* v. *Osborne*, 1 Car. & Marsh., 622; *Regina* v. *Nicholas*, 2 Car. & Kir., 246; *Regina* v. *Walker*, 2 Mood. & Rob., 212; *State* v. *Ivins*, 36 N. Jersey, 233; *Stephen* v. *The State*, 11 Geo., 225; *Pefferling* v. *The State*, 40 Texas, 486; *Lacy* v. *The State*, 45 Ala., 80. A strict caution is given by Lord Hale with regard to the evidence for the prosecution in cases of rape: "An accusation easily to be made, and hard to be proved, and harder to be defended by the party accused, though never so innocent." 1 Hale, P. C., 635; Roscoe Crim. Ev., 880. Cases of this character do not call for any relaxation of the rules of evidence for the purpose of supporting the accusation, for there is much greater danger that injustice may be done to the defendant than in prosecutions of any other character. *People* v. *Hulse*, 3 Hill, 309; *Baccio* v. *The People*, 41 N. York, 265. In the case of *State* v. *De Wolf*, 8 Conn., 93, the witness was allowed to testify only to the *fact* that the complainant had previously told her the same story.

*J. H. Olmstead*, State's Attorney, and *D. Davenport*, contra.

The evidence was offered and admitted, not as substantive evidence to prove the commission of the offence, but as corroborative evidence to strengthen the credit of the principal witness by showing constancy in her declarations. It is proper in all cases to support the credit of a witness whose veracity has been attacked, by showing that he made the same statement out of court. *Luttrel* v. *Reynel*, 1 Mod., 283; *People* v. *Vane*, 12 Wend., 79; *Packer's Lessee* v. *Gonsalus*, 1 Serg. & R., 536; *Wright's Lessee* v. *De Klyne*, 1 Peters C. C. R., 203; *Goodwin* v. *Harrison*, 1 Root, 80; Swift Ev., 123; Cowen & Hill's Notes to Phill. Ev., part 1, p. 777, note 533. Especially is this true in cases of rape. *State* v. *De Wolf*,

8 Conn., 99; *Johnson* v. *The State*, 17 Ohio, 595; *Laughlin* v. *The State*, 18 id., 101; *McCombs* v. *The State*, 8 Ohio S. R., 646; *Regina* v. *Walker*, 2 Mood. & Rob., 212; *Woodin* v. *The People*, 1 Parker Crim. R., 465.

PARK, C. J. We think the case of *State* v. *De Wolf*, 8 Conn., 93, decisive of the present question. In that case, after the woman upon whom the assault had been made had given her testimony in relation to the main fact charged, which was of an attempt to commit a rape, and had been cross-examined at length, the public prosecutor was permitted to prove by a witness, that she had told the witness, out of court and in the absence of the accused, the same story that she had told in court. This was allowed in order to show constancy in her accusation. Judge DAGGETT, in giving the opinion of the court in that case, says with regard to the admissibility of such evidence: " It was properly admitted in this case, because on an indictment for rape or for an attempt to commit a rape, such evidence is received to show constancy in the declarations of the witness. If a female testifies that such an outrage has been committed on her person, an inquiry is at once suggested, why it was not communicated to her female friends. To satisfy such inquiry it is reasonable that she should be heard in her declaration that she did so communicate it, and that testimony should be received to confirm her story."

It is claimed by the defendant that it does not appear that the particulars of the main transaction as told to the witness out of court, were admitted in evidence, but only a general statement of an attempt to commit a rape. But we do not so understand the case. The counsel for the accused in their argument before the Court of Errors did not so understand it. They objected only to the particulars attending the main transaction communicated by the prosecutrix to the witness. They admitted that the witness might state in a general way, that she complained to her of an attempted rape upon her person.

The law so far was too well settled for controversy. Since

the time of Lord Hale it has never been questioned by courts in England or in this country. Indeed, unless complaint is found to have been made by a prosecutrix in a given case, the want of it weighs heavily against the prosecution, and in favor of the accused, unless satisfactorily explained.

Furthermore, the case finds that the court permitted the witness to state that the complainant told her the same story which she had told in court. In court she had told all the particulars attending the main charge, and she had been cross-examined at length upon the details. The witness therefore was permitted to state, not only that complaint had been made to her, but all the particulars with regard to it, in the same manner that they had been stated in court. This is too plain for controversy.

We are aware that the decision in this case goes farther than the courts have gone in England, and in most of the states in this country, but still we think the rule adopted in this case is more conducive to the ascertainment of truth than the rule elsewhere established. The law never intends that the innocent shall be punished, or that the guilty shall escape punishment. Hence the aim of the common law has always been to adopt such rules for the ascertainment of truth, that the guilty will be convicted, and the innocent protected. If, therefore, the rule adopted by our court is more conducive to this end than the one elsewhere established, it is correct in principle. Why has the rule been adopted that in prosecutions for rape, and for attempts to commit rape, the public prosecutor may show that the woman on whom the assault was made complained of it to her friends? It is simply because such a course would be natural if the crime had been committed, but very unnatural if it had not been. But her natural impulses would prompt her to tell all the details of the transaction. Why, on the same principle, ought not her statement of the details to be evidence? If her story were untrue, the greater would be the opportunity for detection, and the accused would be helped in his defense. If her story were true, the evidence would show constancy in the charge even to the details, and the truth would the more

clearly appear.    We think then on principle our rule is the better one for the ascertainment of truth.

The state of Ohio has adopted the same rule of evidence, as will appear from a number of decisions in that state. *Johnson* v. *The State*, 17 Ohio, 595; *Laughlin* v. *The State*, 18 Ohio, 101; *McCombs* v. *The State*, 8 Ohio S. R., 646.

The leading case holding the contrary doctrine is that of *Rex* v. *Clarke*, 2 Stark. N. P. Cas., 242.    But the propriety of the ruling in that case is doubted by Mr. Starkie in his work on Evidence, 2 Stark. Ev., 700, note *a*.    And in *Regina* v. *Walker*, 2 Mood. & Rob., 212, Baron Parke said, in reference to the rule established in *Rex* v. *Clarke:* "The sense of the thing certainly is, that the jury should in the first instance know the nature of the complaint made by the prosecutrix, and all that she then said; but for reasons which I never could understand, the usage has obtained that the prosecutrix's counsel should only inquire generally whether a complaint was made by the prosecutrix of the prisoner's conduct towards her, leaving the counsel of the latter to bring before the jury the particulars of that complaint by cross-examination."    Thus we see that the propriety of the rule of *Rex* v. *Clarke* has been doubted by high authority in England.

We do not advise a new trial.

In this opinion the other judges concurred.