State v. Byrne.

---

### THE STATE vs. JOHN BYRNE.

Upon an indictment for rape the testimony of the woman upon whom the offence
was committed may be confirmed by evidence that she told the same story out
of court, and this evidence is not limited to the mere fact of her having made
such a statement, but may extend to the particulars of it.

Where a considerable time has intervened between the commission of the offence
and the statement, this fact, with all the circumstances, is to be considered by
the jury in weighing the evidence.

INDICTMENT for rape; in the Superior Court in Middlesex
County.  Tried to the jury on the plea of not guilty, before
*Sanford, J.*  Verdict guilty, and motion for a new trial by
the defendant for error in the rulings of the court.  The case
is fully stated in the opinion.

*A. W. Bacon,* in support of the motion.

*W. F. Willcox,* State Attorney, contra.

GRANGER, J. This is an indictment for rape. The jury returned a verdict of guilty, and the accused filed a motion for a new trial, upon the ground that the court improperly admitted certain testimony.

It appears that upon the trial Jennie E. Ward, the person upon whom it was alleged the rape was committed, testified fully and particularly as to the outrage claimed to have been committed by the accused, and that it was on the 20th of July, 1877, she then being twelve years of age. She also testified that she gave no information to any person till February 27th, 1879, when she communicated the facts to her mother, and that she was restrained from sooner giving such information by her fear of the accused, who at the time of the commission of the crime and afterwards threatened to take her life if she told her mother or any one else what had happened. It was admitted that she was the step-daughter of the accused, that he married her mother, Emma L. Ward, then a widow, on the 18th of October, 1874, and that he, his wife and step-daughter lived together till March 4th, 1879.

The state introduced the mother as a witness, who testified to the statements made to her by her daughter on the 27th of February, 1879, giving the particulars in detail of the alleged rape as related to her by the daughter.

The accused did not object to the statement by the witness that complaint was made to her by her daughter at the time named, but did object to the witness relating in detail the story that her daughter had told her. The court admitted the testimony, and of this ruling the accused complains.

The precise question made in this case was made in the case of *State* v. *De Wolf,* 8 Conn., 93, and decided in 1830 adversely to the claim of the accused. It came again before this court in the case of *State* v. *Kinney,* 44 Conn., 153, where the case of *State* v. *De Wolf* is quoted with approval, and the doctrine of that case fully established. That doctrine is that, "upon an indictment for rape, the testimony of the woman

upon whom the offence was committed may be confirmed by evidence that she told the same story cut of court, and this evidence is not limited to the mere fact of her having made such a statement, but may extend to the particulars of it."

The time when these communications were made is proper to be considered by the triers.   It bears upon the question of fact, and is to be regarded with all the attendant circumstances in weighing the testimony of the corroborating witness, as well as that of the principal witness.

A new trial is not advised.

In this opinion the other judges concurred.