STATE OF CONNECTICUT *v.* FRANK DZIOB

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 10—decided July 16, 1946

*Thomas F. McDonough,* for the appellant (defendant).

*Charles S. House,* assistant state's attorney, with whom, on the brief, were *Hugh M. Alcorn, Jr.,* state's attorney, and *John P. Hodgson,* assistant state's attorney, for the appellee (state).

DICKENSON, J. The defendant was found guilty of incest with his thirteen-year-old daughter. He has appealed, assigning error in the finding and also in the trial court's conclusion of guilt beyond a reasonable doubt. In his brief, he treats this as raising the question that the court could not properly reach that decision upon all the evidence. We shall so regard it, considering the finding only as showing, where there is conflicting evidence, the conclusion the court reached on it, and in relation to certain rulings on evidence as to which the defendant also assigns error. *State* v. *Cots,* 126 Conn. 48, 53, 9 A.2d 138.

It is not necessary to rehearse the sordid story related by the daughter. It is sufficient for the purposes of this decision to state that she testified unequivocally to numerous assaults by her father resulting in incest. Other witnesses testified to previous statements made by her to them as to the assaults. The defendant claims that the evidence establishes certain facts which discredit the testimony of the state's witnesses. We cannot hold that some of these facts were so established that the court must have believed them, and the weight to be given others as discrediting testimony was for the trial court to decide.

The trial court could have found the defendant guilty on the testimony of the daughter alone. Corroboration is not essential in cases of this character. *State* v. *Zimnaruk,* 128 Conn. 124, 126, 20 A.2d 613; *State* v. *Lattin,* 29 Conn. 389. Where the complainant has testified to the offense, evidence of other witnesses of her statements to them, showing constancy of accusation by her concerning it, is admissible in support of the state's case, however. *State* v. *Segerberg,* 131 Conn. 546, 549, 41 A.2d 101. The chief claim of the defendant seems to be that the length of time which had elapsed between the date of the offense and the time when the girl first told witnesses of it rendered the evidence inadmissible. It has long been the established law of this state that delay of this nature does not affect the admissibility of the evidence, but merely presents a question for the trial court as to the weight to be given it. *State* v. *De Wolf,* 8 Conn. 93, 100; *State* v. *Byrne,* 47 Conn. 465, 466; *State* v. *Sebastian,* 81 Conn. 1, 6, 69 A. 1054.

The defendant also assigns error in the admission of such statements in evidence because they were not made in his presence. In answer to this claim we refer to the reason for the admission of such evidence given in *State* v. *De Wolf*, supra, 100, and quoted in *State* v. *Segerberg,* supra, 549. "If a female testifies, that such an outrage has been committed on her person, an enquiry is, at once, suggested, why it was not communicated to her female friends." It is constancy of accusation, not the making of it in the presence of the accused, that is important.

The state offered the testimony of a physician as to statements regarding the offense made by the daughter to him over a year after it occurred; the defendant objected, claiming that there had been no such prior accusation as would justify admission of the testimony and that the long period which had elapsed destroyed any continuity of accusation. The trial court admitted the testimony on the promise of the state later to prove a prior accusation. The state thereafter offered the testimony of the mother of a talk with the daughter some months before she was taken to the doctor, but the defendant claims that this did not constitute an accusation of the crime. While the daughter did not expressly state to the mother that sexual intercourse had occurred, the conversation was such that the mother could reasonably infer that it had, as she evidently did. The fact that some months intervened between this conversation and the talk with the doctor would not necessarily require the trial court to conclude that there was not a constancy of accusation, particularly when considered in the light of testimony.

of other witnesses as to accusations made by the daughter to them.

There is no error.

In this opinion the other judges concurred.