STATE OF CONNECTICUT *v.* ARTHUR M. JORDAN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 14-57278

Argued January 20—decided June 27, 1969

*Frank R. Odlum,* of Hartford, for the appellant (defendant).

*John J. Devine, Jr.,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J. The defendant, after a trial to the court, was found guilty of evading responsibility in violation of General Statutes § 14-224 and has appealed from the judgment. In response to the defendant's request, the court filed a finding to which the defendant addressed a motion to correct which was denied. This was followed by an assignment of errors, including so-called errors apparent

on the face of the record and errors in the conduct of the trial and in the conclusion reached by the court that the defendant was guilty beyond a reasonable doubt. "This last assignment raises the ultimate question whether upon all the evidence the court was justified in finding the defendants guilty beyond a reasonable doubt and makes unnecessary a detailed consideration of the claims of error directed against the finding. *State* v. *Serkau,* 128 Conn. 153, 154 . . . . We have given consideration to the finding, however, for the purpose of showing the specific facts found by the court upon conflicting evidence. *State* v. *Dziob,* 133 Conn. 167, 168." *State* v. *Foord,* 142 Conn. 285, 286; see also Practice Book § 995; *State* v. *Salvaggio,* 152 Conn. 716, 717.

The evidence and the inferences which could reasonably have been drawn by the court, as disclosed by the finding, may be summarized as follows: On March 17, 1968, at about 6 p.m., Angelo Scalise was operating his blue Chevrolet automobile on Maple Avenue in Hartford and had come to a stop at a red traffic control light at the junction of Franklin Avenue, into which he intended to make a right turn. It was raining and the area was artificially illuminated. While waiting for the light to turn green, the Scalise automobile was struck on the driver's side by the bumper of an automobile, off-white in color. That automobile left the collision scene without stopping. Two male persons occupied the front seat. The off-white automobile was owned by and registered in the name of the defendant and bore Connecticut registration number 23285. Because of the collision, the left front door of the blue Chevrolet was dented and damaged. The blue paint was also scraped or chipped. The defendant's automobile was a 1962, off-white, two-door Pontiac. After a speedy complaint by Scalise to the police, Frank Vallero, an officer in the Hartford police

department, at about 7:50 p.m. that same evening, found the 1962 Pontiac belonging to the defendant in the rear parking lot behind the Radio City Grill at 205 Main Street. This address is three blocks from the accident scene and about one block from 291 Main Street, where the defendant lived. The officer found blue paint on the right front portion of the defendant's automobile which matched the blue paint of the Scalise car.

There is no serious dispute that what occurred at the stop light at the junction of Maple and Franklin Avenues warranted a finding by the court that the driver of the Pontiac had violated General Statutes § 14-224. The crime of evading responsibility is committed when an operator of a motor vehicle who is knowingly involved in a collision causing injury to any person or property fails to stop and to furnish such assistance and identification of person and vehicle as the statute, among other things, requires. This the operator of the defendant's car failed to do. It is also provided under § 14-107 that whenever a violation of § 14-224 occurs, proof of the registration number of any motor vehicle therein concerned shall be prima facie evidence in any criminal action that the owner was the operator thereof. At the outset, in § 14-107, it is provided that either the operator or the owner of any motor vehicle, or both, may be prosecuted for the violation of statutes enumerated therein, including § 14-224.

The defendant filed a motion to correct the finding which in its ninety-eight paragraphs primarily asks the court to substitute the defendant's interpretation of the evidence for the finding made by the court on conflicting testimony and the reasonable inferences to be drawn therefrom. The addition of those facts claimed by the defendant to be admitted or undisputed would not materially alter the ulti-

mate conclusion reached or affect the result to the defendant's advantage. *Sentivany* v. *Sentivany,* 145 Conn. 380, 381.

The defendant assigns error in the court's overruling of his motion for a dismissal of the charge at the close of the state's case. No appeal lies from the denial of a motion to dismiss. "The denial of such a motion falls within the rule that, in a proper case, supplemental proceedings following a judgment may be assigned as error in an appeal from the judgment." *First National Bank* v. *Ferguson,* 129 Conn. 374, 376; Maltbie, Conn. App. Proc. § 15 n.23. There is no merit to this claim or to the claim that the court erred in denying a similar motion at the conclusion of the state's case.

Four other assignments may be considered together for, in varying terms, they constitute a general assignment of error that the defendant was found guilty on insufficient evidence. In our judgment, they are dispositive of this appeal.

The defendant argues that the statutory requirement was not met because neither Scalise nor his companion Leon, who was riding with him, could recognize either of the two occupants of the offending vehicle. Under General Statutes § 14-107 recognition is not required. The statute creates a rebuttable presumption that the owner was the operator. "There is such a strong rational connection between the registration number and the fact to be presumed that the former 'leads naturally and logically' to the latter. 'Such a presumption is not evidence and has no probative value, and it only operates to throw upon the party against whom it works the duty of going forward with evidence as to some element in the case.' *State* v. *Gargano,* 99 Conn. 103, 110." *State* v. *Schonrog,* 2 Conn. Cir. Ct. 239, 245.

The defendant testified in his own behalf and produced no other evidence. His defense consisted of an attack on the identification of the registration and the offer of a purported alibi. There was sufficient evidence, if credited by the court, to support the conclusion that the car involved in the violation of § 14-224 was registered in the defendant's name as its owner. That made operative the presumption of operation under § 14-107. As to the alibi, no corroboration by the defendant was produced or offered. He stated that neither he nor his car could have been present at the time and place in question because after 4 p.m. he helped a woman friend of his move her belongings to her new living quarters and then, after parking and locking his car, in its usual place, he went to his apartment, where he remained until the following day.

"Evidence of alibi is merely a rebuttal of the state's evidence, though it is commonly called a defense. *State* v. *Cianflone,* 98 Conn. 454, 467 . . . . The burden is upon the accused in the first instance to produce evidence in support of the alibi. . . . In the present case, the trial court concluded that the alibi offered was of no merit and that the state had met its over-all burden of establishing guilt beyond a reasonable doubt." *State* v. *Bill,* 146 Conn. 693, 696. "An appellant, to substantiate the claims he makes, must bring before this court something more than his mere uncorroborated statement." *State* v. *Nash,* 149 Conn. 655, 659.

There is no error.

In this opinion DiCENZO and JACOBS, Js., concurred.