State of Connecticut v. Charles E. Greene

House, Thim, Ryan, Shapiro and Loiselle, Js.

Argued May 5—decided June 8, 1971

*Sabino P. Tamborra,* with whom, on the brief, was *Lewis C. Maruzo,* for the appellant (defendant).

*Edmund W. O'Brien,* state's attorney, for the appellee (state).

HOUSE, C. J.  On a trial to the court the defendant was found not guilty on a charge of indecent assault but guilty of the crime of carnal knowledge of a minor female under the age of sixteen years.  He was represented by the public defender for New London County.  He took an appeal and the court appointed a special public defender to process the appeal, pursuant to the constitutional requirements noted in *Fredericks* v. *Reincke,* 152 Conn. 501, 505, 208 A.2d 756.  After reviewing the transcript, researching the applicable law, consulting with trial counsel and interviewing the defendant, the special public defender concluded that there was no substantial error which he could assign which might arguably support the appeal.  In accordance with the procedure approved in *Anders* v. *California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493, he filed a memorandum in which he reported to the court that in his opinion the only issue was the

credibility of the witnesses, which was an issue of fact. He was thereupon permitted to withdraw his appearance for the defendant. Subsequently, the defendant retained private counsel to prosecute his appeal.

The defendant has filed numerous assignments of error. He has claimed error in the refusal of the court to find eleven paragraphs of his draft finding of facts and three paragraphs of the conclusions requested in his draft finding. In addition, his assignment of errors has attacked twenty-seven of the thirty-five paragraphs of the court's finding of facts on the ground that the facts were found without evidence to support them and, on the claim that the facts set forth in the finding do not support them, he has attacked all of the court's conclusions except the one finding the defendant not guilty of indecent assault. He has also claimed error in two rulings on evidence and error in the conclusion of the court, on all the evidence, that the defendant was guilty beyond a reasonable doubt of the crime of carnal knowledge of a minor female.

Seldom have we seen such an inexcusable wholesale and groundless attack on a court's finding. We have examined such of these assignments of error as were not subsequently abandoned and conclude that the finding is not subject to correction in any material respect.

The case disclosed by the evidence printed in the appendices to the briefs was a relatively simple, albeit sordid, one involving basically a question of credibility. The complaining witness, a stepdaughter of the defendant, was fifteen years of age at the time of the offenses charged. She testified that the defendant had had sexual relations with her over a long period of time and was the father of her

infant child. On January 26, 1968, she refused his advances, he got a knife which he laid on the table, a fight ensued, he started to strangle her and knocked her head against the wall and she raked his face with her fingernails. While they were having relations, the mother of the complaining witness returned to the house and the defendant ordered the girl to get up, go upstairs and not to come back down. Two days later the girl disclosed to her grandmother and to her sister-in-law the fact that the defendant had had relations with her and was in fact the father of her infant child. Both of them saw the marks on her neck and the grandmother saw the fingernail scratch marks on the face of the defendant. On Tuesday, January 30, 1968, the first day of school following the incident, the girl informed her guidance teacher of the relationship that existed between herself and the defendant and also informed her mother of the situation. On the next day, January 31, she complained to the police and the prosecution of the defendant followed. The defendant elected not to take the witness stand in his own behalf, and the only witnesses to testify at the short trial were the girl, her mother, her grandmother, her sister-in-law and the guidance teacher.

On the evidence we have summarized, the court was amply justified in finding the defendant guilty beyond a reasonable doubt of the crime of carnal knowledge of a minor female.

The first contested evidential ruling was one which permitted the complaining witness to testify that the defendant began having sexual intercourse with her when she was eleven years old and that it happened every week. The other permitted her sister-in-law to testify that the complaining witness had shown her the marks on her neck and told her

about the fight with the defendant, that he was the father of her child and that they had had frequent sexual relations. We find no error in the rulings of the court, predicated on such cases as *State* v. *Purvis,* 157 Conn. 198, 207, 251 A.2d 178, cert. denied, 395 U.S. 928, 89 S. Ct. 1788, 23 L. Ed. 2d 246; *State* v. *Dziob,* 133 Conn. 167, 169, 48 A.2d 377; *State* v. *Sebastian,* 81 Conn. 1, 3, 69 A. 1054; *State* v. *Byrne,* 47 Conn. 465, 466; *State* v. *Kinney,* 44 Conn. 153, 155; *State* v. *De Wolf,* 8 Conn. 93; see also 1 Wharton, Criminal Evidence (12th Ed.), p. 547 and 1971 Cum. Sup., pp. 133, 134; 1 Wharton, op. cit. § 295; note, 77 A.L.R.2d 841, 852.

The defendant's counsel reserved his most vehement attack for a stinging assault on what he termed the "obvious shortcomings" of the public defender who represented the defendant at the trial, claiming "a total failure to present the cause of the accused in any fundamental respect." Although he abandoned his attack on the finding of the court that "[t]he public defender, George Gilman, is an outstanding trial lawyer of many years standing, and especially adept in the handling of criminal matters," he assigned as error the further finding that "[t]he defendant was adequately and skilfully represented by counsel at the time of plea and throughout all the proceedings before the Superior Court" and the conclusion of the court that "[t]he defendant was well represented by outstanding counsel." He has also pressed the claim that "[t]he defendant was deprived of his right to have the assistance of effective counsel for his defense contrary to the Sixth Amendment of the United States Constitution and contrary to Article First, Section 9 of the Connecticut Constitution."

The right of an indigent accused to the effective

assistance of counsel is fundamental and absolute. *Glasser* v. *United States,* 315 U.S. 60, 76, 62 S. Ct. 457, 86 L. Ed. 680. Because of this and the severity of the vituperative attack on the attorney who has for so long served with distinction as the public defender for New London County, we have closely examined the entire transcript of the proceedings to ascertain whether it discloses any foundation for the criticism directed to his representation of the defendant in this case. We have done so particularly in the light of the assertion by present defense counsel that the public defender did not take the time to prepare an adequate defense but permitted the case to go to trial immediately after the defendant's plea and election of trial to the court and, allegedly, after only a brief conference with the defendant. "[T]he denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel." *Avery* v. *Alabama,* 308 U.S. 444, 446, 60 S. Ct. 321, 84 L. Ed. 377; *Chambers* v. *Maroney,* 399 U.S. 42, 59, 90 S. Ct. 1975, 26 L. Ed. 2d 419.

We are satisfied that the attack on the services rendered by the public defender is inexcusable and without justification. The case was essentially a simple one in which the credibility of the witnesses was of primary importance. Neither the state's attorney nor the court insisted on an immediate trial, and, in answer to a question from his counsel as to whether he was ready to be tried, the defendant replied: "Yes, right now. Go ahead." The defendant had the opportunity to testify but informed his counsel that he did not wish to testify.

As already noted, the law in Connecticut regarding the admissibility of statements of the victim of a statutory rape is well settled.

We find no error in the finding of the court that the defendant was adequately and skillfully represented by counsel at the time of plea and throughout all the proceedings before the Superior Court and its conclusion that the defendant was well represented by outstanding counsel.

There is no error.

In this opinion the other judges concurred.