[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #111
CT Page 1860
The plaintiff, Yale-New Haven Hospital has brought this action against the defendants, Giovanna and Robert Vignola, seeking recovery of the costs of medical services provided to Giovanna.
The defendants have filed a two count counterclaim in which they allege that the hospital erroneously advised them during the admission process, that the cost of the medical services would be covered by the insurance plan that the defendants had. They allege that such information was communicated to them in response to a direct inquiry on the part of the defendants as to whether their medical insurance was accepted by the hospital.
According to the allegations of the counterclaim, the defendants relied upon the hospital's response to their inquiry and only upon the day of Giovanna's discharge were they advised by the hospital that their coverage was not available to pay for the services rendered.
The first count of the counterclaim sounds in negligence and the second count in negligent misrepresentation.
The plaintiff has moved to strike both counts of the counterclaim. As to the first count, the plaintiff claims that as a matter of law, the plaintiff had no duty to determine if the defendants' insurance coverage was sufficient. While under ordinary circumstances the court agrees with that general proposition, the facts here are distinguishable. Once the plaintiff, through its agent, elected to respond to the defendants' inquiry regarding insurance coverage, a duty to use due care in doing so arose. In responding to such an inquiry, the plaintiff's agent should have foreseen that unless he or she exercised reasonable care in responding to the defendants, harm of the general nature suffered by the defendants would be likely to result if incorrect information was given.
As to the second count, the plaintiff claims that the allegations do not state a cause of action in negligent misrepresentations. "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information if he fails to exercise reasonable care or competence in obtaining or communicating the information." Citino v. Redevelopment Agency, 51 Conn. App. 252, 273
(1998).
The defendants allege that the plaintiffs' agent was negligent in CT Page 1861 advising them that their insurance coverage was acceptable when it was not. This allegation must be accepted as true for the purpose of a motion to strike. If the defendants prove that the plaintiff made which they reasonably relied to their detriment and that it did so as a result of failure to use due care to determine the truth or falsity of such representation, that would be sufficient to prove negligent misrepresentation.
The motion to strike is therefore denied.
By the Court,
Bruce W. Thompson, Judge